Nos. 8575 and 8608.

SUCCESSION OF FANNY V. GILLASPIE.

WM. M. GILLASPIE, ADM'R, VS. THE CITIZENS' BANK OF LOUISIANA.

An action for rents and revenues of immovable property against an evicted possessor is barred by the prescription of one year, if the party evicted shows that he was a possessor in good faith.

Such an action can be maintained against the possessor only, and for the time of his occupancy. It ceases against the first possessor from the time of his transfer to another party.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot,* J.

*Egan & McEnery* for Plaintiff and Appellee.

*Armand Pitot* for Defendant and Appellant.

The opinion of the Court was delivered by

·POCHÉ, J. Under a foreclosure of mortgage instituted by the Citizens' Bank, a plantation owned by Harrison Jordan, William T. Jordan, and Fanny V. Gillaspie, was adjudicated to the Bank in February, 1872, and in May, 1875, the same plantation was sold by the Bank to Mrs. E. F. Jordan, wife of William T. Jordan.

In August, 1876, W. M. Gillaspie, as guardian of the minor children of Fanny V. Gillaspie, instituted a suit for the nullity of the sale of February, 1872, and by judgment of this Court rendered in July, 1878, said sale was annulled and set aside, on the ground that in the executory process of the Bank, two of the joint owners of the property seized had not been made parties to the suit. 30 An. 1315.

The present controversy presents the claim of the minor heirs of Mrs. Gillaspie against the Bank for one-third of the fruits and rents of the plantation, from the 2d February, 1872, to the 5th of August, 1880, when the plantation was finally sold under a new suit brought by the Citizens' Bank against its original debtors. 32 An. 767.

For defense the Bank denied its liability for such rent, and pleaded in compensation the sum of $6,500 due by Mrs. Gillaspie as the unpaid balance of her stock and loan mortgage, and the Bank also pleaded said sum in reconvention.

Separate judgments were rendered by the District Court; one of which overruled the plea in reconvention; the other overruled the plea of compensation, and allowed plaintiff's demand in the sum of $8,500 and legal interest.

Defendant has appealed from both judgments, and by consent the two appeals have been consolidated and are to be tried together.

On appeal the Bank pleads the prescription of one, three and ten years. That plea must be the first subject of our investigation. The prescription of three years has no application to the nature of the demand. As the present suit was filed on July 16, 1881, and the possession of the Bank commenced in February, 1872, the prescription of ten years is equally unavailing. But the plea of prescription of one year is well taken and must be sustained.

In the case of Gillaspie vs. Citizens' Bank, 30 An. 1315, a demand had been made by plaintiff for the fruits and rent of the plantation, and was rejected on the ground that such demand could not be made by the heirs, but the decree specially recognized the right of such demand in the succession of Mrs. Fanny V. Gillaspie against " the Citizens' Bank, and William T. Jordan, and Mrs. Elizabeth F. Hamson, wife of William T. Jordan," during their respective occupancy of the same.

This Court reserved the same right to the succession, in the decree rendered in the injunction suit, reported in 32 An. 767.

The right reserved was purposely restricted to be exercised against the possessor, and it thus was made to conform with the familiar rule of our jurisprudence. The possessor alone can be held liable to account for rents and revenues.

Now, as the record shows that under its sale to Mrs. Jordan, the Bank ceased to be the possessor of the property on the 5th of May, 1875, it follows, that it could owe no rent after that time. Hence, the right to demand rent and revenue by the plaintiffs against the Bank must be restricted, both according to law and to the decrees of this Court, to the time intervening between the 2d of February, 1872, and the 5th of May, 1875.

The next inquiry must be directed to the source or cause of action, with a view to ascertain whether it arises *ex contractu* or *ex delicto*.

A mere inspection of the record, and of the foregoing statement of facts, shows at once that the pleadings do not even purport to disclose or to declare upon a contract; nor can it be demonstrated that the cause of action can be connected with a *quasi contract*.

If liable at all for rent, the Bank is responsible, because it illegally dispossessed the plaintiff, and because it held the property under an illegal or void title. This is an action in the nature of a demand of damages caused to the real owner by and through an unlawful proceeding, resulting in an illegal expropriation and an unwarranted possession.

Hence, the act of the Bank complained of, and made the basis of plaintiff's demand, is manifestly a *quasi offense*.

His right of action is therefore amenable to the provisions of Article

3536 of our Civil Code, which bars an action for à *quasi offense* by the prescription of one year.

This feature of the case is almost identical with the principles involved in the case of DeLizardi vs. The N. O. Canal Bank, 25 An. 414; see also 9 An. 490, Anty vs. Adle, and authorities therein cited.

In the case of City of New Orleans vs. Southern Bank, this Court said on good authority: " the distinction between damages *ex delicto* and *ex contractu* is, that the latter ensue from the breach of a special obligation, and the former from the violation of a general duty."

It is clear that the plaintiff in this case can invoke no breach of a special obligation towards his wife by the Bank.

The record shows that the Bank acquired the property, and its possession by virtue of an act sufficient in terms to transfer property; and that the defects of its title were not made known to it, before the institution of the suit in nullity on the 15th of August, 1876, and that at that time the Bank had parted with the title and with the possession of the property which it had sold to Mrs. Jordan in May of the previous year.

It therefore follows, that during the whole time of its possession the Bank was à possessor in good faith. C. C. Arts. 503, 3452.

Hence, it cannot be amenable to the ruling in the case of Walling vs. Merafield, 33 An. 1178, where it was held, that the possessor in *bad faith*, cannot be shielded by the prescription of three years from an action for rent and revenues of property from which he is evicted.

The judgments appealed from are therefore reversed; and it is now ordered that the plea of prescription of one year be sustained as a bar to plaintiff's action, which is rejected at his costs in both Courts.

Rehearing refused.